IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY A. RICE                              *
        Petitioner,
    v.                                              *   CIVIL ACTION NO. RWT-06-1907

WARDEN                                       *
        Respondent.
                                      ***

**MEMORANDUM OPINION**

      Petitioner is a detainee at the Washington County Detention Center ("WCDC") who filed a letter petition on July 21, 2006, complaining that he is "unlawfully confined" at WCDC pursuant to order of the Circuit Court for Washington County, Maryland.  (Paper No. 1).  The Petitioner raises no particular grounds except to state that he "has provided the courts with sufficient documentation to substantiate [his] sovereign immunity...." (Id.).

      To the extent that Petitioner is attacking pending criminal charges and is seeking release from confinement, his action shall be treated as a U.S.C. § 2241 habeas petition.  A district court will generally not intervene in ongoing state court criminal matters until the state judicial remedies available to a petitioner have been fully exhausted.  See Huffman v. Pursue, Ltd., 420 U.S. 592, 609-610 (1975).  Moreover, for a federal court to exercise its habeas corpus power to stop state criminal proceedings, "special circumstances" must exist.  See Braden v. 30th Judicial Circuit, 410 U.S. 484, 489 (1973); Dolack v. Allenbrand, 548 F.2d 891, 893 (10th Cir. 1977). Such extraordinary circumstances include: bad faith prosecution; prosecution under patently unconstitutional statutes; or prosecution before a biased state tribunal.  See Younger v. Harris, 401 U.S. 37 (1971); Moore v. Sims, 442 U.S. 415 (1979).

      Petitioner has not exhausted his state court remedies.  Further, assuming, without deciding,

that he has raised a viable claim under the United States Constitution, his allegation does not raise substantive grounds for federal court intervention in his pending state prosecution by means of a pre-trial § 2241 habeas petition.  See, e.g., Dickerson v. Louisiana, 816 F.2d 220, 226 (5th Cir. 1987). The merits of the habeas petition shall not be considered by this court at this time.  Accordingly, a separate Order shall be entered dismissing this action without prejudice.

Date: 8/11/06                                      /s/
                                        ROGER W. TITUS
                                        UNITED STATES DISTRICT JUDGE